CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ABDUL HAMZA WALI MUHAMMAD, | ) | CASE NO. 7:15CV00223 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| E.R. BARKSDALE, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Abdul Hamza Wali Muhammad, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that prison officials at Red Onion State Prison have failed to order or provide him a dairy-free diet and reclassified him without due process. Upon review of the record, the court finds that the action must be summarily dismissed for failure to exhaust administrative remedies before filing this civil action.

I

Muhammad alleges that in March 2015, while he was temporarily confined at Sussex I State Prison ("SISP"), a doctor prescribed a permanent dairy-free diet for him, to address his ongoing problems with constipation and other abdominal issues. While at SISP, Muhammad continued to receive his preapproved Common Fare Diet meals for religious reasons, but was provided with non-dairy substitutes to replace dairy items normally included with that diet. When Muhammad was transferred back to Red Onion on April 17, 2015, he immediately asked for recognition of the permanent non-dairy diet prescribed by the SISP doctor. Red Onion's doctor said the diet would need to be approved by a Virginia Department of Corrections ("VDOC") administrator. Food service employees refused to provide non-dairy substitutes, and Muhammad complains that he will lose weight without these substitutes. Muhammad also

discovered that Red Onion officials had reclassified him to a higher security level with more restrictive living conditions without prior notice or a hearing.

Muhammad filed informal complaints about the diet issue and the classification issue on April 23 and 26, 2015, but did not receive a receipt for either complaint. On April 29, 2015, Muhammad filed a motion for preliminary injunctive relief regarding these problems. The court construed his submission as a civil rights complaint and issued a conditional filing order, among other things, directing him to demonstrate exhaustion of administrative remedies as required under 42 U.S.C. § 1997e(a). On May 19, 2015 (ECF No. 4), Muhammad submitted a motion for extension of time to comply with the conditional filing order. This motion states that Muhammad received responses to his informal complaints on May 8, 2015, and can now proceed to exhaust his administrative remedies.

II

The Prison Litigation Reform Act ("PLRA"), among other things, provides in 42 U.S.C. § 1997e(a) that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). This exhaustion requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and even if the form of relief the inmate seeks in his lawsuit is not available through the prison's grievance proceedings. Id. Failure to follow the required procedures of the prison's administrative remedy process, including time limits, or to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "[W]here failure to exhaust is apparent from the face of the complaint," the

2

court may summarily dismiss the complaint on that ground. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 682 (4th Cir. 2005).

Operating Procedure ("OP") 866.1 is the written administrative remedies procedure that inmates in the Virginia Department of Corrections ("VDOC") must follow to comply with § 1997e(a).[1] An inmate must first attempt to resolve his issues informally by completing an informal complaint form for which he should receive a receipt. If the inmate does not receive a response to his informal complaint within 15 days, he may file a regular grievance, using his receipt as evidence that he attempted the informal complaint process. A regular grievance must be filed within 30 days of the occurrence of which the inmate complains. If the Level I response to the regular grievance is not to his satisfaction, the inmate may appeal for a Level II response, and in some instances depending on the issue, Level III. Under 42 U.S.C. § 1997e(a), an inmate is barred from bringing a prison conditions claim in a federal lawsuit until he has first presented that issue through all levels of the available prison grievance procedures. Woodford, 548 U.S. at 90.

It is clear from the face of the initial complaint and later submissions that Muhammad filed this action before he exhausted available administrative remedies as to his claims concerning his non-dairy diet and reclassification. Indeed, by his own admission, he filed this civil action less than a week after submitting his informal complaints and before he had filed a regular grievance or any appeal(s). Muhammad's allegations also demonstrate that he has not been prevented from pursuing his administrative remedies. He received timely responses to his

---

[1] The court takes judicial notice of VDOC operating procedures, which are available online.

3

informal complaints (within 15 days after he filed them)[2] and thereafter, he had the opportunity to file a timely regular grievance about his diet and about his classification. Because Muhammad failed to exhaust available administrative remedies before filing this action, his claims are barred from review under 42 U.S.C. § 1997e(a) and will be summarily dismissed without prejudice.[3]

Muhammad's submissions also do not provide a factual basis for the preliminary injunctive relief he seeks. The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits; he is likely to suffer irreparable harm in the absence of preliminary relief; that the balance of equities tips in his favor; and an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with" the fact that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22.

Muhammad's motion for interlocutory relief does not demonstrate that he will suffer irreparable harm without prompt court intervention. First, since he has not yet exhausted

---

[2] Muhammad complains that officials failed to provide him with a receipt for his informal complaints within two business days, as required under the procedures. This lack of a receipt has no bearing on the § 1997e(a) analysis, however, because Muhammad admits that he receive timely responses and could continue with the regular grievance process.

[3] The court also notes that the complaint and amended complaint are both inconsistent with Rules 18 and 20 of the Federal Rules of Civil Procedure, regarding joinder of claims and parties. Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join either "as independent or as alternative claims, as many claims as it has against an opposing party." Rule 20 of the Federal Rules of Civil Procedure allows the joinder of several parties only if the claims arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. See 6A Wright, Miller and Kane, Federal Practice and Procedure § 1583 (3d ed. 1998) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed). Under these rules, "a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question." Green v. Denning, No. 06-3298, 2009 U.S. Dist. LEXIS 15738, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). These procedural rules apply with equal force to pro se prisoner cases. Indeed, "[r]equiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents 'the sort of morass [a multiple claim, multiple defendant] suit produce[s].'" Id. (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). If Muhammad is dissatisfied with the results after he has exhausted administrative remedies on his diet and classification claims, dismissal without prejudice of this action leaves him free to litigate these issues. He is advised, however, to ensure that any new civil rights complaint he files complies with Rules 18 and 20 and does not improperly join unrelated claims or parties in the same lawsuit.

4

available administrative remedies, he cannot say that these remedies will not result in correction of the very issues stated in the civil action. Second, he merely complains that without injunctive relief ordering non-dairy substitutes and reclassification proceedings, he may lose weight and be housed under unspecified restrictive conditions. The court cannot find that these concerns constitute imminent, irreparable harm worthy of the requested interlocutory relief. Accordingly, the court will deny his motion for a preliminary injunction. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 15th day of June, 2015.

                                              Chief United States District Judge